Merrimack, June 7, 1949. } No. 3803.

ELLEN J. HOLMES & a. v. CLEAR WEAVE HOSIERY STORES, INC.

*Robert W. Upton, John H. Sanders* and *Frederick K. Upton (Mr. Sanders* orally), for the plaintiff.

*Murchie & Murchie* and *George P. Cofran (Mr. Cofran* orally), for the defendant.

KENISON, J. Plaintiff entered defendant's women's clothing store in Manchester to purchase a black coat. While she was examining one shown her by the defendant's clerk, another clerk appeared wearing a black coat that was the shade that the plaintiff said she preferred. When the plaintiff objected to the color of the coat that had been put on her the second clerk said, "come this way and you can see." The two then walked to the rear of the store, practically side by side, the plaintiff on the left and the clerk on the right, talking about the coat. Both were looking at the coat and talking, as they went into the back room. The clerk stopped and the plaintiff turned around to her right, facing the clerk, and putting her arm up to that of the clerk. The latter said, "Step back," plaintiff did, and fell over backward down the stairs. She did not know there was an open stairwell in the back room, not having been warned of it. The light in the back room was poor; there was some glass, but it was dirty, and not much natural light came through it. She saw no light globes or bulbs in the back room.

Assuming, as some evidence in the case indicated, that there was sufficient natural and artificial light in the back room for the plaintiff to see the open stairway, it does not follow that the plaintiff's contributory negligence was established. Plaintiff's conduct is to be con-

sidered in the light of the attendant circumstances and not in the abstract. She was unfamiliar with the layout of the back room and the position of the stairs. Both she and the defendant's clerk were mutually and respectively engrossed in the making of a sale and purchase of a coat during a dispute as to the shade. When two women are so engaged, it cannot be said as a matter of law that the purchaser is negligent in failing to observe all the details of her surroundings in a room into which she had been invited. There appears to be no authority to the contrary. 1 Shearman & Redfield, Negligence (Rev. *ed*), *s.* 110; *Colby* v. *Treisman*, 85 N. H. 19. The plaintiff, as a business invitee, was directed by the defendant's agent to a place that she had a right to expect to be safe. *Cook* v. *Company, ante*, 397, 398; *Frear* v. *Company*, 83 N. H. 64, 68; Restatement, Torts, *s.* 343, *comment* e. "The defendant owed her the duty to maintain reasonable conditions of safety, and she was entitled to place some reliance upon the performance of the duty. What occasion she had to take precautions against the chance of danger she encountered became an issue of fact." *Cartier* v. *Corporation*, 92 N. H. 263, 265. The present case is unlike *Heidenreich* v. *Dumas*, 88 N. H. 453, where the plaintiff's contributory negligence was determined as a matter of law because the plaintiff unaided and undirected was "blindly venturing into the unknown." *Papakalos* v. *Shaka*, 91 N. H. 265, 269.

Defendant contends that plaintiff's testimony that there was inadequate light in the back room, is so indecisive, halting and evasive that it must be rejected (*Berquist* v. *Company*, 91 N. H. 428, 430) with the result that there is insufficient evidence of its negligence. In analogous recent cases this contention has been made and rejected and the credibility of the plaintiff's testimony has been left to the jury. *Liouzis* v. *Corliss*, 94 N. H. 377; *O'Brien* v. *Company, ante*, 79; *Owen* v. *Dubois, ante*, 444. It is unnecessary to consider the alleged insufficiency of the expert testimony to show defendant's negligence since there was evidence from the plaintiff which warranted the submission of the issue to the jury. The Trial Court properly denied the motions for a nonsuit and a directed verdict. *Rosan* v. *Raudonis*, 87 N. H. 29; Anno. 163 A. L. R. 587, 613.

While the defendant is entitled upon request to clear and accurate instructions to the jury (*Davis* v. *State*, 94 N. H. 321), the charge need not discuss all the specific items of evidence desired to be emphasized by the plaintiff or the defendant. *Dane* v. *MacGregor*, 94 N. H. 294. The Trial Court correctly charged, in accordance with *Cable* v. *Donahue*, 85 N. H. 258, 259, that plaintiff's invitation extended only to

such parts of the store premises as the defendant ought in reason to have understood that the plaintiff would understand were for her use. *Roy* v. *Amoskeag Fabrics*, 93 N. H. 324. The requested instruction that plaintiff could not recover if the invitation was limited to the area of the back room immediately adjacent to its entrance merely called for comment and emphasis on a specific item of evidence. As such it was properly denied. *O'Brien* v. *Company, ante*, 79, 82.

The following instruction was requested: "The plaintiff cannot recover in this case if her own carelessness contributed in the slightest degree to cause her injury." The omission of the phrase "in the slightest degree" of itself is not fatal. *Beardsell* v. *School*, 89 N. H. 459. Defendant concedes this to be the law in this state but further says that the failure of the Court to use the word "contributed" constitutes error. The Presiding Justice first charged the jury that causal fault, blame or carelessness of the plaintiff will prevent her recovery, even if "the defendant itself was in part to blame." In summary the jury were further instructed that plaintiff could recover only if she "was free from any fault on her part." We agree with the defendant that the word "causal" is not synonymous with the word "contributed," *Fourche River &c. Railway Co.* v. *Tippett*, 101 Ark. 376, 386, to the contrary notwithstanding. However the jury was instructed that if the plaintiff was found to blame for the accident and the defendant was "in part to blame," there should be a verdict for the defendant. This instruction obviously related to a situation where the plaintiff's negligence had "a share in [the] . . . effect" (*Beardsell* v. *School, supra*, 462) or in other words contributed to it. It does appear that the Court's use of the phrases "in part to blame" and "any fault on her part" taken in conjunction with the charge as a whole reasonably construed correctly stated the law and that in all probability the jury understood it. *McLeod* v. *Caprarello, ante*, 343; *Marchand* v. *Company, ante*, 422.

*Judgment on the verdict.*

All concurred.