Hillsborough, } No. 4046.
Nov. 6, 1951. }

MINNIE MONIER *v*. ERNEST BELZIL.

*Robert J. Doyle* and *Bolic A. Degasis* (*Mr. Doyle* orally), for the plaintiff.

*Paul E. Nourie* (by brief and orally), for the defendant.

BLANDIN, J. The main issue argued before us is whether a land owner is under a duty to use reasonable care to make his premises reasonably safe for an invitee, or whether he must use reasonable care to make his premises absolutely safe. The defendant claims and the plaintiff concedes that the rule laid down in such cases as *Lynch* v. *Sprague*, 95 N. H. 485, 487; *Jakel* v. *Brockelman*, 91 N. H. 453, and *Cable* v. *Donahue*, 85 N. H. 258, is that the owner is under a duty only to use reasonable care to make his premises reasonably safe. See also, *Blackman* v. *Rowe*, 96 N. H. 207; *Holmes* v. *Stores*, 95 N. H. 478, 480; *Roy* v. *Amoskeag Fabrics*, 93 N. H. 324; *Cartier* v. *Shoe Corporation*, 92 N. H. 263. This view we believe represents the overwhelming weight of authority in this country. Restatement, Torts, *s.* 343; *Id.*, (c) (i); anno. 162 A. L. R. 950; 38 Am. Jur. 754.

However, the plaintiff cites *Frear* v. *Company*, 83 N. H. 64, as the basis for his claim that the owner must use reasonable care to make his premises absolutely safe for invitees. But there it must be noted that while the court did say that the defendants were under "a duty to use due care to have the place safe" (*p.* 68) the opinion went on to quote approvingly as follows: (*pp.* 70-71) " 'One who invites others to come upon his premises for business or pleasure must exercise reasonable care to have and keep the premises *reasonably safe* for such visitors. . . . It was the duty of the defendant to use reasonable care to keep . . . the grounds to which he had invited the plaintiff in a *reasonably safe* condition . . . .' *Turgeon* v. *Company*, 84 Conn. 538, 541." (Emphasis supplied.) Later, the same Justice who wrote the opinion in the *Frear* case (*Peaslee*, C. J.) also wrote the opinion in *Cable* v. *Donahue*, 85 N. H. 258, and therein impliedly approved those portions of the charge given in the Superior Court wherein the jury were repeatedly told that the owner's duty was to make its premises "reasonably safe." We believe when the court said in the *Frear* case that an owner must have his premises "safe," it meant "reasonably safe," the word "reasonably" being clearly implied. This is consistent with the main current of our law and with authorities elsewhere which have refused

to make the owner to a substantial degree an insurer. *Jager* v. *First Nat. Bank*, 125 Conn. 670.

This conclusion makes it unnecessary to consider the merits of other claims of the defendant and the order is

*Judgment on the verdict.*

LAMPRON, J., did not sit: the others concurred.