Strafford,
No. 4258.

WENTWORTH BUS LINES INC. *v.* ALBERTA E. SANBORN.

Argued February 2, 1954.

Decided April 21, 1954.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendant.

LAMPRON, J.   It could be found on the evidence that the defendant followed the bus for about a mile and a half before the accident at a distance of 30 feet in back of it as testified to by her or that she was "somewhere around two or three hundred feet" in back when the driver started to slow down the bus as he testified.   They both had been proceeding at a speed of about 25 miles per hour.   On the rear of the bus there were two clearance lights, two stop lights and two tail lights in operation at the time of the accident.   There were also two red reflectors which showed up when a light was shined toward them.   A third reflector required by R. L., *c.* 119, *s.* 10, was missing and the two reflectors present may or may not have been placed in such a manner as to indicate the extreme width of the vehicle and load as required by *s.* 8.

Defendant had no difficulty seeing the bus during the mile and a half she drove behind it.   The night was clear, the visibility good and the road dry.   There was a street light on the opposite side of the road within 25 feet of the scene of the accident.

Upon receiving a signal from someone on the side of the road about 200 or 300 feet ahead, the bus driver "naturally slowed down by taking my foot off the gas and letting the bus slow down by itself . . .   Then when I got one hundred fifty to two hundred feet from him [prospective passenger], I worked the brake to bring it to a gradual stop."   Every time he touched the brake pedal the stop lights went on.   When he was within 50 or 60 feet of the passenger he put the light on inside the bus.   All of the other lights previously described were also in operation. He pulled off the paved portion of the highway so that his right hand wheels were at least two feet from it.    The road was 23 feet wide at the scene of the accident.   When he had brought the bus to a stop "the blow came from the rear."

A statutory violation by the plaintiff which was not causal of the accident is immaterial to the issue of responsibility. *Fontaine* v. *Charas*, 87 N. H. 424, 426; *Rouleau* v. *Blotner*, 84 N. H. 539; *Bellemare* v. *Ford*, 94 N. H. 38, 42; *cf.   Sweeney* v. *Willette*, 97 N. H. 330, 332.   There was ample evidence to support

the Trial Court's finding that the negligence of the defendant was the sole cause of the accident. *Jirkovsky* v. *Elfman*, 323 Ill. App. 282; 4 Blashfield, Automobile Law and Practice (perm. *ed.*) *s.* 2632, *p.* 131. Defendant's motions for nonsuit and directed verdict and her request No. 1 that the Court enter a finding for her as a matter of law were properly denied.

Defendant's requests Nos. 3 to 8 inclusive asked for detailed findings pertaining to the compliance of plaintiff's bus with the statutory requirements as to rear lights and reflectors and the effect of any noncompliance. R. L., *c.* 370, *s.* 13. "The party invoking the statute is entitled to have the facts found separately and with such fulness and detail as to enable him to fairly test the correctness of the legal conclusions . . . A record made upon the statutory request is presumed to contain all the proved facts which the court deemed material and essential to his decision so as to present the question whether the judgment is a necessary conclusion therefrom." *Tilton* v. *Sharpe*, 84 N. H. 393, 396.

There was ample evidence that the bus was equipped with all the statutory lights. It had two clearance lights, two stop lights and two tail lights. It also had two of the required three statutory reflectors but there was some question as to whether or not the two reflectors present complied with R. L., *c.* 119, *s.* 8, as to their location on the rear of the bus.

It is probable from the findings made by the Trial Court that he considered the plaintiff free from causal fault in the operation or the equipment of the bus and that the accident resulted exclusively from defendant's negligence. *N. H. Savings Bank* v. *Bank*, 93 N. H. 326, 328; *Chabot* v. *Shiner*, 95 N. H. 252, 255. "The operator . . . brought the bus to a reasonably gradual stop, and . . . all lights on the rear of the bus were functioning . . . The negligence of the defendant . . . was the sole cause of the accident, and . . . the accident was a result of her negligent failure to apply her brakes in time to prevent a collision."

The findings and rulings of the Trial Court should contain "all the proved facts which the court deemed material and essential to his decision so as to present the question whether the judgment is a necessary conclusion therefrom." *Tilton* v. *Sharpe, supra*, 396. Because of the basis given for his decision the Trial Court presumably considered immaterial and non-essential findings of the presence or lack of the required statutory lights and reflectors and the effect of any violation. However,

instead of denying the defendant's requests numbered 3 and 5 pertaining thereto the Court should have granted them and ruled that any violation of the statute was not causal.

The bus was equipped with stop signals in good working order. Defendant's requests Nos. 9 to 11 inclusive relating to a hand signal were therefore contrary to law and properly denied. R. L., c. 119, s. 18 b (as inserted by Laws 1949, c. 232).

Defendant's requests No. 12 and Nos. 14 to 24 inclusive deal essentially with the conduct of the bus operator in bringing his vehicle to a stop and that of the defendant in respect thereto. We think the Court's findings cover adequately the essential matters on which findings were requested.

The plaintiff's bus was never repaired after the accident. The Court admitted in evidence an estimate of the cost of repairs made by a competent expert. It could be found on the evidence that the repairs therein enumerated resulted from the accident, that the charges made therefor were proper and that the cost thereof did not exceed the difference in value of the bus before and after the accident. *Cail* v. *Maciolek,* 96 N. H. 445, 446; Restatement, Torts, s. 928. This was competent evidence on the issue of the amount of damages sustained by the plaintiff. *Copadis* v. *Haymond,* 94 N. H. 103, 106.

The bus had been bought used and had to be rebuilt by plaintiff. The purchase price and the cost of placing it in condition to be operated was proper evidence of its value before the accident. 5 Am. Jur. 906.

We cannot say as a matter of law that the Trial Court erred in its discretionary finding that the evidence of witness McGonigle, a man with many years of experience in the building, servicing, sale and repair of buses, would probably aid the trier of facts on the question of the amount of damage sustained by plaintiff. *Draper Co.* v. *Pitman,* 97 N. H. 1, 4. His testimony as to the value of the bus before and after the accident was properly admitted (*Watkins Co.* v. *Peterson Express,* 88 N. H. 476) and the motion to strike it out properly denied.

Defendant's requests Nos. 25 to 34 inclusive pertained to the manner of proof and the amount of damages sustained by the plaintiff. These requests required no further findings than those made by the Court.

We find no error in the admission of the evidence as to the room available to pass the bus on the left as it was part of the

situation to be considered in judging the conduct of the respective drivers. Nor do we find that the cross-examination of the defendant by plaintiff's counsel went beyond that which is permitted by R. L., c. 392, s. 24 (*Conn. River Power Co.* v. *Dickinson,* 75 N. H. 353, 354) or made improper use of her deposition.

In view of the Trial Court's denial of defendant's requests numbered 3 and 5 the case must be remanded. *Colby* v. *Varney,* 97 N. H. 130, 134. If the verdict was reached because any statutory violation by the plaintiff was considered not to be causal then the Court should amend its findings and rulings to so indicate and in that event there should be judgment on the verdict.

*Remanded.*

All concurred.