Cheshire,
No. 5324.

JACQUELINE LAVOIE

*v.*

JOHN A. BLAKE.

Argued April 6, 1965.
Decided June 30, 1965.

*Arthur Olson, Jr.* and *Lewis A. McMahon* (*Mr. McMahon* orally), for the plaintiff.

*Bell, Bell & Shortlidge* (*Mr. J. Raphael Shortlidge, Jr.* orally), for the defendant.

BLANDIN, J. The issues briefed and argued before us are whether the Court erred (1) in setting aside the verdict as inadequate, and (2) in granting a new trial limited to damages. The essential facts, as stated in the briefs of both parties, appear to be substantially in accord. The plaintiff, twenty-four-year-old Jacqueline Lavoie, on the day in question was a passenger in the front seat of an automobile driven by her husband, traveling easterly on Route 9 in Keene. As they entered an intersection, they collided with a car operated by the defendant. The plaintiff broke a bone in her left foot and bumped her knee and head on the windshield. Immediately afterwards, she felt "a lot of pain" in her foot. It began to swell and she was unable to move it. She was taken to the Elliot Community Hospital in Keene, where she was treated by Dr. Thomas Lacey and her foot was X-rayed. She returned home shortly, where she became nauseated on four occasions and could not sleep well that night because of the pain. She was given medication, her foot was packed in ice and kept elevated throughout the night. She was nauseated and in pain for several days and confined to her bed for a week. She could wear no shoes for two and a half to three weeks and was unable to take care of her children for nearly a month. She was on crutches for six weeks, and then she limped for several weeks afterwards. During this period, she continued to

suffer discomfort and lost $590 in wages at the woolen mill where she worked. At the end of ten weeks, she went back to her work. For some time the foot pained her so that she was accustomed to rub it in alcohol at night after she had finished her day's work.

At the time of the trial her foot hurt her if she wore high heels and also she felt discomfort in damp or rainy weather. Her physician testified without contradiction that the X-ray disclosed three or four fragments of broken bone, that she had thickening of her foot and had fifteen to twenty per cent disability in certain movements of it. He further stated that while the pain would probably grow less, she had an eight per cent permanent partial disability and that the wearing of high heels would cause her discomfort for an indefinite time.

The consideration by the Presiding Justice of the plaintiff's motion to set aside the verdict as inadequate "involved questions of fact for the Judge and his decision should not be set aside unless no reasonable person would make it." *Roy* v. *Chalifoux*, 95 N.H. 321, 324; see also *Wisutskie* v. *Malouin*, 88 N.H. 242, 246; *Chagnon* v. *Union-Leader*, 103 N.H. 426, 446. He found that the verdict of $750 was conclusively against the evidence. This finding is entitled to great weight (*Chagnon* v. *Union-Leader*, *supra*, 446), and if it was reasonable we are bound by it. *Wisutskie* v. *Malouin*, *supra*, 246. Subtracting the $590 which she lost in wages, from the verdict of $750, it appears that the jury allowed her only $160 for all her pain and suffering, as previously detailed, already incurred, and for her future discomfort and a permanent partial disability.

The evidence of the existence of these elements of damage was undisputed and must be deemed to have been conclusively in favor of the plaintiff. See *Hadley* v. *McLaughlin*, 100 N.H. 497, 502. When we consider the meager amount allowed her, especially in view of the present value of the dollar, the finding of the Trial Court appears to be such a one as may fairly be said to be "reasonable and [one that] ought not to be disturbed." *Hadley* v. *McLaughlin*, *supra*, 502. The defendant's exception to the Court's order setting aside the verdict as inadequate is overruled.

The defendant's final exception to the Court's order limiting the new trial to damages does not invite extended discussion. It is established here, as well as generally elsewhere, that this matter rests within the discretion of the Trial Court. *White* v.

*Schrafft*, 94 N. H. 467; *Hadley* v. *McLaughlin*, *supra*; Annot. 29 A.L.R. 2d 1199, 1213.

The order is

*Exceptions overruled; remanded.*

All concurred.