Hillsborough,
No. 5555.

GRAZIELLA DUBREUIL

*v.*

ROGER N. DUBREUIL & *a.*

Argued December 8, 1966.
Decided January 27, 1967.

*Andre J. Barbeau* and *Victor W. Dahar* ( *Mr. Dahar* orally ), for the plaintiff.

*Keeley & Whelton* and *McLaughlin & Berrigan* ( *Mr. Charles F. Keeley* orally ), for the defendants.

PER CURIAM. The question before us is whether landlords are liable to their tenant for injuries suffered from a fall upon a slippery common driveway or passway over which they retained

control and which led to the only entrance to the tenant's apartment.

On the defendants' motions for nonsuits and directed verdicts, the evidence and all reasonable inferences therefrom must be construed most favorably to the plaintiff. *Plume* v. *Couillard*, 104 N. H. 267, 268; *Leonard* v. *Manchester*, 96 N. H. 115, 117.

The record would sustain the following findings of fact: The plaintiff, a woman of sixty, was a tenant of her son and his wife. On the day in question, December 29, 1962, in the late afternoon, she left her apartment located over a portion of the dwelling occupied by the defendants, to get groceries at a neighborhood store. She was in apparent good health at the time and working steadily. The only passway from the public sidewalk which provided access to her second floor apartment was owned and controlled by the defendants. It was over a driveway leading to a two-car garage used by the defendants and a lessee of the extra stall. On the day in question, the driveway was icy and slippery and it had been so on other occasions when she had complained to her son that it was slippery.

When the plaintiff went out to get her groceries on the day of the accident it was not snowing, though it had snowed at times during the seven days preceding, and actually on the very day before, and she noticed the icy conditions of the driveway. She remained some minutes at the store, and during that time it began to snow, and was continuing as she returned carrying her groceries. As she described it, she was walking up the middle of the driveway and " I did not see the ice and I fell. There was snow on it . . . it was snowing, so it covered the ice, so I didn't see it and I fell. "

The driveway had been plowed on the day before the accident, but the ice had not been removed. It appears that similarly after the storms during the week preceding December 29, the defendants had also cleaned the snow away, but had not removed the ice, nor put any sand or other substance upon it to render traveling less dangerous.

The defendants predicated their motions for nonsuits and directed verdicts, both before the Superior Court and in their brief and oral argument in this court on the proposition that a tenant cannot recover in circumstances such as existed here,

because of the landlords' failure to remove a natural accumulation of ice or snow on the premises. They rely upon *Abell* v. *Company*, 95 N. H. 439, as standing for this proposition in this state, and upon the so-called Massachusetts rule, which appears to have had its origin in the case of *Woods* v. *Naumkeag Steam Cotton Co.*, 134 Mass. 357 ( 1882 ), and which has since been followed in some other jurisdictions. Annot. 26 A.L.R. 2d 610, 615. We do not believe that the defendants' position is maintainable. In the *Abell* case, the plaintiff fell upon a public sidewalk adjacent to a common entrance to the landlord's premises. The majority of the court held that the evidence failed to establish that the ice on the public sidewalk which caused the fall resulted from artificial accumulation for which the defendant was responsible rather than from a natural accumulation of snow, for which it was not. The case is distinguishable on its facts from the situation before us, since in this case the plaintiff's fall occurred on a private driveway which the defendants maintained and over which they exercised control.

Although the question now raised has never been squarely decided here, as counsel for the plaintiff recognizes, the tenor of our law points to the conclusion that recovery may be permitted. In *Thompson* v. *Resnik*, 85 N. H. 413, 414, with reference to the rule of the *Woods* case, it was said:

" This rule has been severely criticized, and competent authorities have declared that it cannot be justified upon grounds of principle. *Reardon* v. *Shimelman*, 102 Conn. 383, 387; *United Shoe Machinery Co.* v. *Paine*, [ 26 F. 2d 594 ( 1st Cir. 1928 ). ] Its adoption here would involve a limitation of or an exception to the general rule in regard to the liability of landlords for the condition of common passageways upon their premises which has been announced by this court as follows: With reference ' to those portions of the premises which the landlord furnishes for the common use of his tenants and over which he retains control . . . he has the duty to use ordinary care to keep such portions in safe condition, and is liable to the tenant for injuries resulting from his failure to do so. ' *Burelle* v. *Pienkofski*, 84 N. H. 200, 201 . . . . "

In *United Shoe Machinery Corporation* v. *Paine*, 26 F. 2d 594 ( 1st Cir. 1928 ), the court said that the precise issue before it, which was similar to the one we now consider, had never been " expressly decided. " However, it stated that " . . . it has been

generally understood by the bench and bar " that a landlord is liable for failure to take reasonable care to keep in a safe condition those portions of the premises used in common by tenants and over which he retains control, and that the only reason why the point had not been expressly decided was that it was so well understood and that no one thought of questioning it. *Id.,* 596. In regard to the Massachusetts rule as established by the *Woods* case the court's terse conclusion was that " It seems to us, however, to be an anomalous doctrine, without logical foundation. " *Id.,* 597. Thus the view taken by the *Woods* case, which the defendants urge us to apply, represents a concept which is contrary to the law established in this jurisdiction and elsewhere. *Reardon* v. *Shimelman,* 102 Conn. 383; *Hemmings* v. *Weinstein,* 151 Conn. 502; *Langley Park Apts.* v. *Lund,* 234 Md. 402; *Langhorne Road Apartments* v. *Bisson,* ( Va. ) 150 S.E. 2d 540; see also, Annot. 26 A.L.R. 2d 610, 616-617, listing New Hampshire as a jurisdiction which is in accord with a majority of other courts holding a landlord liable for negligence in situations such as that before us. *Id.,* 617.

In summary upon this phase of the case, we hold that under the law of this jurisdiction, the landlords had a duty to use reasonable care to see that the driveway was reasonably safe ( *Monier* v. *Belzil,* 97 N. H. 176; *Thompson* v. *Resnik,* 85 N. H. 413, 414 ) by removing natural accumulations of snow and ice thereon or taking other suitable precautions to make the driveway reasonably safe. The evidence warranted a finding that they failed in this duty, and that the icy condition which caused the accident had existed long enough so that they knew or should have known of it in time to remedy it. *Tremblay* v. *Donnelly,* 103 N. H. 498; *Plume* v. *Couillard,* 104 N. H. 267.

The defendants' argument that the plaintiff must be held contributorily negligent as a matter of law does not require extended consideration. The burden of proving contributory negligence was on the defendants. RSA 507:8. Where the plaintiff's conduct is susceptible of any reasonable and non-culpable explanation, the issue is for the jury. *Jones* v. *Railroad,* 83 N. H. 73, 78; *Wright* v. *Connecticut Valley Electric Co.,* 106 N. H. 113. The record in this case did not compel a finding that the plaintiff was careless. *Ahearn* v. *Roux,* 96 N. H. 71.

*Judgment on the verdict.*