Cheshire,
No. 5642.

HELEN C. RICHARDS

*v.*

MICHAEL CROCKER.

Argued September 8, 1967.
Decided December 29, 1967.

*Arthur Olson, Jr.* and *Lewis A. McMahon* ( *Mr. Olson* orally ), for the plaintiff.

*Bell & Kennedy* ( *Mr. Ernest L. Bell III* orally ), for the defendant.

KENISON, C. J. On the evening of June 21, 1963 the plaintiff, along with her friends the defendant's brother and his wife, were social guests at the defendant's home in Keene, New Hampshire. As the defendant's brother was leaving, the plaintiff followed him to the exit door in a small hallway or foyer in which there was a stairwell leading to the basement. The defendant followed the plaintiff. The hallway was unlighted although some light reflected to the hallway from the kitchen lights. As the defendant said that he would put on the lights he passed the plaintiff who stepped back because she "felt [she] was too near the defendant" and fell into the open stairwell. This was the first time the plaintiff had been in the defendant's home. She testified she had not seen the stairwell during the course of the evening although this evidence was contradicted by a witness for the defendant.

Trial by jury resulted in a plaintiff's verdict for $17,826.08. Both parties objected to the verdict; the plaintiff because it was too small and the defendant because it was against the law and the evidence. The Trial Court ( *Loughlin,* J. ) allowed the verdict to stand and reserved and transferred the exceptions of the parties.

The plaintiff as a social guest was a licensee and not an invitee of the defendant. *Dunleavy* v. *Constant,* 106 N. H. 64, 66; 2 Harper & James, The Law of Torts, *s.* 27.11, *p.* 1476 ( 1956 ). The duty owed the plaintiff by the defendant has been stated by Restatement ( Second ), Torts, *s.* 342 ( 1965 ) in the following language: "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved." This jurisdiction has followed the rule laid down by the Restatement. The rule is frequently summarized by stating that the defendant owes the licensee only the duty to exercise reasonable care to disclose to him dangerous defects which are known to him and likely to be undiscovered by the licensee. Restatement ( Second ), Torts, *s.* 12( 1) *comment* a. *Mitchell* v. *Legarsky,* 95 N. H. 214; *Maxfield* v. *Maxfield,* 102 N. H. 101, 103; Annot. 25 A.L.R. 2d 598.

The defendant, who has the burden of proving contributory negligence ( RSA 507:8 ), contends that the plaintiff was contributorily negligent as a matter of law. A plaintiff is guilty of contributory negligence as a matter of law if he blindly ventures into the unknown without aid or direction. In such a case it can be said that the plaintiff failed to exercise any care at all. *Heidenreich* v. *Dumas,* 88 N. H. 453, 455. "However it is established law that of itself 'incurrence of a known danger is not the legal equivalent of negligence.' *Piateck* v. *Swindell,* 84 N. H. 402, 404. There is no fault if a known danger is carefully incurred. *Williamson* v. *Company,* 89 N. H. 216, 218; *Brosor* v. *Sullivan,* 99 N. H. 305, 308." *Wright* v. *Connecticut Valley Electric Co.,* 106 N. H. 113, 115. See *Papakalos* v. *Shaka,* 91 N. H. 265, 269; *Pickford* v. *Abramson,* 84 N. H. 446, 449. All the perils of darkness are not necessarily assumed by one who voluntarily proceeds into it. Prosser, The Law of Torts, 391 ( 3d *ed.* 1964 ).

In *Deacy* v. *McDonnell,* 131 Conn. 101, the contention that the plaintiff was guilty of contributory negligence as a matter of law was rejected when the plaintiff fell on an unlighted step as he was leaving. In that case it appeared that the plaintiff had seen the premises before, had used the step on the way in, knew the stairway was unlighted as she left and requested no light as she departed. The court held this presented a question of fact to be determined by the fact-finder. For analogous cases see *Malmquist* v. *Leeds,* 245 Minn. 130; *Brogie* v. *Vogel,* 348 Mass. 619 ( applying New Hampshire law ); Annot. 1 N.C.C.A. 3d 525 ( 1953 ). We conclude that the plaintiff was not guilty of contributory negligence as a matter of law and that the Trial Court properly left the question of contributory negligence to the jury. See *Mutterperl* v. *Lake Spofford Hotel,* 106 N. H. 538, 543-544; Annot. 25 A.L.R. 2d 598.

The defendant moved for a nonsuit and directed verdict on the ground there was no evidence of negligence on his part. The jury could find that the plaintiff had not seen or was not acquainted with the location of the stairwell and that in darkness it constituted a dangerous condition of which the defendant was aware and the plaintiff was unaware. " . . . if the occupier has any special reason to believe that the licensee will encounter a known danger there, of which he is unaware, there may be still a duty to give warning. In short, the duty of disclosure arises only where a

reasonable man in the position of the occupier would conclude that it is called for." Prosser, The Law of Torts, 391 (3d *ed.* 1964). On the evidence the jury could find that any warning given by the defendant was either inadequate or not timely and that on these facts the defendant did not use reasonable care to warn the plaintiff of the danger existing when she left the premises. *Brogie* v. *Vogel,* 348 Mass. 619 (applying New Hampshire law). The defendant's motion for a nonsuit and directed verdict and his motion to set aside the verdict on the ground there was no evidence of negligence was properly denied.

The plaintiff urges us to set aside the verdict as inadequate. The question is a close one in this case because the verdict of $17,826.08 leaves only $5,871.25 for a permanent injury to the plaintiff's ankle and leg, pain and suffering and future medical expenses. In this jurisdiction great weight is given to the determination of the Trial Judge who presided at the trial whether he sets aside the verdict as inadequate or refuses to do so. *Roy* v. *Levy,* 97 N. H. 36, 39, 40; *Roy* v. *Chalifoux,* 95 N. H. 321, 324; *Gomes* v. *Roy,* 99 N. H. 233; *Eichel* v. *Payeur,* 107 N. H. 194. "The consideration by the Presiding Justice of the plaintiff's motion to set aside the verdict as inadequate 'involved questions of fact for the Judge and his decision should not be set aside unless no reasonable person would make it.'" *Lavoie* v. *Blake,* 106 N. H. 347, 349. There is some indication in the record that the plaintiff may not have properly mitigated her damages. While this was not a compelled finding it was a permissable one which the jury could have made. Here, as in *Jolicoeur* v. *Conrad,* 106 N. H. 496, we cannot say that the determination of the Trial Court was unreasonable as a matter of law and we are therefore not free to disturb it.

The defendant's objection to the plaintiff's late filing of his motion to set aside the verdict as inadequate is overruled because there is no evidence that the Court abused its discretion in extending the time as provided by Superior Court Rule 59. RSA 491 App R59. See *Nassif Realty Corp.* v. *National Fire Ins. Co.,* 107 N. H. 267, 269-270.

*Judgment on the verdict.*

GRIMES, J., concurred in the result; the others concurred.