Merrimack,
No. 5599.

FREDERICK J. CALDWELL

*v.*

EDWARD E. DREW, JR.

Argued February 6, 1968.
Decided June 28, 1968.

*Paul A. Rinden* and *Charles F. Dalton, Jr.* ( *Mr. Rinden* orally ), for the plaintiff.

*Hall, Zellers, Morse & Gallagher* ( *Mr. Mayland H. Morse, Jr.* orally ), for the defendant.

LAMPRON, J.   Action to recover for personal injuries sustained by the plaintiff in a collision, in Concord, on December 27, 1963, between his automobile and that of the defendant. Trial by jury resulted in a verdict for the defendant. Plaintiff's exceptions, among others, to certain instructions to the jury by the Trial Court ( *Dunfey,* J. ) were reserved and transferred.

The accident occurred shortly before 7 A.M. on roadways made slippery by the snow then falling and the accumulation already on the ground. The defendant was proceeding northerly on North State Street and the plaintiff, who had been proceeding westerly on Granite Street, was making a left turn into North State Street at a T intersection intending to proceed in a southerly direction.

Plaintiff testified that immediately prior to the collision he made a full stop on Granite Street before entering its intersection with

North State Street, looked to the right and to the left, then proceeded in low gear into the intersection. "Then about maybe one or two seconds later I just noticed out of the corner of my eye this car coming at a good clip . . . and then there was an accident . . . I would say he hit the back portion of my car so my front portion and the door . . . the whole car was about three-quarters of the way across the double center line in the middle of the road . . . . We got thrown up on the sidewalk." Plaintiff fell out of the car into the street.

The defendant testified that he was travelling toward the intersection at about 25 miles per hour, the then prima facie lawful speed for that area. RSA 262-A: 54 II (b). See Laws 1965, 335:1. When he was about 100 feet from the intersection, defendant saw plaintiff's vehicle which was then about 3 or 4 feet from the intersection. Defendant further testified that he then let up on the accelerator and when he was about 40 feet from the intersection applied his brakes but "just slid right into" the plaintiff. Although plaintiff testified that his directional signal indicating a left turn was lighted, defendant testified that as he watched plaintiff's car before the impact he did not see such a signal nor was the left turn light on when he went to plaintiff's car after the accident to turn off its ignition.

Plaintiff maintains that the Trial Court committed a reversible error when it instructed the jury that there was no evidence that the defendant exceeded the prima facie speed limit of 25 miles per hour.

The defendant testified at the trial that he was traveling between 20 and 25 miles per hour when he first saw the plaintiff's car about 100 feet away; 20 miles per hour when he applied his brakes about 40 feet from the intersection; and, because his car slid, probably also at this same speed when the cars collided. The plaintiff introduced evidence that defendant testified in his deposition that he was traveling at 25 miles per hour at a point about 200 feet from the site of the collision. Plaintiff, who was proceeding into the intersection in low gear and about one or two seconds later saw defendant's car for the first time "out of the corner of my eye," testified that it was "coming at a good clip."

Plaintiff argues that, because he did not see the defendant when he looked to his left before proceeding into the intersection, where he could see 80 feet to the south, it could be found that the defendant covered the distance from wherever he then was to the

scene of the accident at a speed in excess of 25 miles per hour. However the plaintiff also testified that his view to the south was obstructed by two parked cars so it could be found that defendant's car was where it could reach the point of impact at a speed of 25 miles per hour even though it was not observed by the plaintiff.

Plaintiff further argues that, from defendant's testimony as to the time he left his home about three quarters of a mile from the scene of the accident; the manner in which he traveled from there to the scene with a stop for a traffic light; the time at which the collision took place; and the force of the impact as shown by the damage to plaintiff's car, it could be found that the defendant travelled at a rate of speed in excess of 25 miles per hour.

Defendant's testimony as to time could not constitute a basis for computing his speed with any degree of accuracy. He testified that as far as he knew he left his home at about 6:50 A.M., he stopped 3 or 4 minutes at a traffic light, and the accident took place thereafter at 6:50 A.M. at a place three quarters of a mile from his home. Furthermore because of the slippery conditions of the roads at the time, conclusions as to speed from the damage caused by the collision could not be made with any degree of certainty. It cannot be said that these factors were evidence that defendant was going in excess of the prima facie speed of 25 miles per hour. Because of the limited opportunity which plaintiff had to observe defendant's speed, his testimony that defendant's car was "coming at a good clip" does not under the circumstances constitute such evidence. *Hersey* v. *Fritz*, 91 N. H. 484, 485. See 8 Am. Jur. 2d, Automobiles and Highway Traffic, *s.* 985, *pp.* 537, 538. *Cf. Bissonnette* v. *Cheverette*, 87 N. H. 211, 212. In the context of the charge, "no evidence" that the defendant exceeded the prima facie speed limit was the equivalent of no testimony to that effect.

The Trial Court, after instructing the jury "there is no evidence . . . that the defendant exceeded the prima facie limit [25 miles per hour] posted at that time" charged as follows: "You . . . have the right to consider and should, and it is up to you to determine, notwithstanding the posted speed limit, whether or not whatever speed you arrive at . . . whether that speed under all the prevailing conditions . . . and the surrounding circumstances . . . was reasonable and prudent under all the circumstances

. . . the posted speed limit being just prima facie, so-called." The Court also further charged: "If you find that under all the circumstances that speed, whatever it was, was unreasonable under all the circumstances and . . . caused or helped to cause or contributed to the accident, that is the test you apply to the conduct concerning the speed of either party in a case such as this." Taking the charge as a whole we are of the opinion that it properly and adequately covered the issue of speed and that the jury could not have been misled. *Dodge* v. *Clair*, 105 N. H. 276, 278; *Locke* v. *Cressy*, 108 N. H. 116.

The plaintiff also maintains that the Trial Court's instructions relating to RSA 262-A:42 were misleading, erroneous, and prejudicial. Among the statutes which could be found applicable to the conduct of the parties, the Trial Court charged the jury as follows: "And still another statute relative to the rules of the road [is] RSA 262-A:42, which relates to turning movements and required signals. 'A signal of intention to turn right or left when required shall be given continuously during not less than the last hundred feet traveled by the vehicle before turning.' "

Plaintiff contends that the use of directional signals to warn those traveling on another street at right angle to that on which the vehicle charged by the statute is proceeding is not within the scope or purview of the above statute. Statutes such as RSA 262-A:42 are not intended to protect merely cars traveling in back of plaintiff or approaching him from the front in an opposite direction as maintained by him. On the contrary "the purpose of the statute is clearly to prevent collisions with other vehicles as a result of a change in direction or speed without warning." *Sullivan* v. *LeBlanc*, 100 N. H. 311, 314. The required signals are for the protection of all vehicles whose movements may reasonably be affected by the change in direction. *Sullivan* v. *LeBlanc*, *supra*; 7 Am. Jur. 2d, Automobiles and Highway Traffic, *s.* 217, *pp.* 767, 768; 3 Blashfield Automobile Law and Practice (3d *ed.* 1965) *s.* 118.8, *p.* 511. We hold that the defendant falls within that class.

There was evidence that defendant when he was about 100 feet from the intersection saw plaintiff's vehicle which was then 3 or 4 feet from the intersection. There was also evidence that North State Street at the intersection with Granite Street was 36 feet wide from curb to curb, some part of which may, or may not, have been covered by snow banks. It could be found on the

evidence that there was no car traveling south on North State Street when plaintiff started to execute his left turn therein. The jury, which had a view of the scene, could find on the evidence that if plaintiff had been making a right turn into North State Street defendant probably could have gone by him without a collision. If plaintiff intended to make a left turn into North State Street, the defendant had a right to assume that he would comply with the signal requirements of RSA 262-A:42. *Brown* v. *Gottesman,* 103 N. H. 33, 35. The jury could find on the evidence that plaintiff did not so comply, and further that if he had signaled defendant would have acted sooner in bringing his vehicle to a stop. There was evidence that if defendant had started to pump his brakes gradually 100 feet from the intersection, where he first saw the plaintiff, his car would not have slid as it did when he applied his brakes 40 feet from the intersection. The Trial Court properly instructed the jury that in the event they determined this statute was violated they had to make the further finding that the violation itself caused or contributed to cause the accident in order to charge the plaintiff with negligence. *Brown* v. *Gottesman,* 103 N. H. 33, 36. We hold the charge as a whole relating to RSA 262-A:42 was proper.

In view of the result reached it is unnecessary to consider other issues raised by the defendant in his brief.

*Judgment for defendant.*

All concurred.