Hillsborough,
No. 5827.

### ROBERT J. GINGRAS

*v.*

### STARK ESTATES, INC.

Argued November 7, 1968.
Decided November 26, 1968.

*Winer, Lynch & Pillsbury* and *Philip R. Currier* (*Mr. Currier* orally), for the plaintiff.

*Leonard, Leonard & Prolman* (*Mr. Richard W. Leonard* orally), for the defendant.

GRIMES, J. This action to recover a balance claimed to be due upon a real estate commission was tried by the Court resulting in a verdict for the defendant. The plaintiff's exceptions were transferred by *Keller, J.*

In July of 1965 the defendant orally engaged the plaintiff to sell some land in Londonderry, New Hampshire. The plaintiff brought one Burgess a builder and developer into negotiations with the defendant. As a result the defendant entered into a written buy and sell agreement with Route 93 Estates, Inc., a corporation formed for the purpose by Burgess. The agreement contemplated that the buyer would lay out the land into house lots and sell them.

Defendant in accordance with the agreement conveyed 4.26 acres to the buyer who paid $3,000. Defendant was to convey 10 lots to the buyer as soon as the lots were laid out and

additional parcels of 10 lots as required for the orderly development of the property. The buyer would give a mortgage back to the defendant on each 10 lot parcel consistent with the terms of the agreement which further provided that the buyer would pay the defendant $1,000 for each lot resold. The buyer was to pay not less than $10,000 each year and purchase the entire property which contained 45 lots within five years.

The first 10 lot parcel was conveyed to the buyer in accordance with the agreement. Three houses were built but only one was sold and defendant received $1,000 therefor from the buyer. The other two lots had been mortgaged to a bank which later foreclosed. Difficulty was encountered in developing the land and the buyer failed to pay $10,000 during the first year and decided not to continue with the development. A settlement was reached without consultation with the plaintiff whereby the buyer reconveyed all the property except the three lots upon which houses had been built and paid defendant $1,000. The defendant paid plaintiff $500 in commission. The plaintiff claims a commission on the entire 45 lots, or a balance of $4,000.

The Trial Court found that "when the sales agreement was made in July, 1965, it was agreed by the defendant and the plaintiff that the plaintiff would be paid a commission on, and only on, money actually received by the defendant on the purchase price. The commission was made dependent on the receipt of money by the plaintiff because of the speculative nature of the sale. The plaintiff having effected a speculative sale, accepted a speculative agreement relative to a commission."

The plaintiff complains that the Trial Court improperly found the sales agreement to be speculative and then improperly used this as a basis for finding that the brokerage agreement was also speculative. He claims that the sales agreement bound the buyer to purchase the entire property within five years and that it was therefore not speculative. We do not understand that the Trial Court's finding that plaintiff was to be paid a commission only on money received was based upon his characterization of the sales agreement. It appears to us that his comment related only to the reason why the plaintiff entered into the agreement.

The Court's finding that the plaintiff was to be paid only on money received was supported by the testimony of Mr. DeRemer, treasurer of the defendant, who was present when the agreement regarding commission was made. The plaintiff testified that he

"agreed to work on a 10% commission and . . . to take my commission as the money came in."

The credibility of the witnesses and the question as to what agreement regarding commissions was made were questions of fact for the Trial Court (*Amodeo* v. *Allen,* 94 N. H. 370) and since the findings could reasonably be made on all the evidence they must stand. *Rautenberg* v. *Munnis,* 108 N. H. 20; *Hines* v. *Donovan,* 101 N. H. 239, 240.

Plaintiff contends that he is entitled to a commission on the sale of the entire property because the defendant agreed to a termination of the sales agreement instead of seeking to enforce it. The Trial Court found that the defendant could not have recovered more damages by any method because of the financial condition of the buyer. The buyer produced by the plaintiff was unable to purchase the entire property and under the sustainable findings of the Trial Court the plaintiff is not entitled to further commissions. *Smith* v. *Bretschneider,* 97 N. H. 117.

*Exceptions overruled.*

All concurred.