Merrimack,
No. 6161.

ELLEN F. STEVENS & a.

*v.*

BOW MILLS METHODIST CHURCH.

November 2, 1971.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross* and *John C. Ramsmeier* (*Mr. Ransmeier* orally) for the plaintiffs.

*Hall, Morse, Gallagher & Anderson* (*Mr. G. Wells Anderson* orally) for the defendant.

GRIFFITH, J. This is an action to recover damages for personal injuries sustained in a fall by Ellen F. Stevens on premises of the defendant on April 20, 1965, with a companion action for consequential damages brought by her husband Shirley A. Stevens. There was a trial by jury and verdict for the plaintiffs. The Trial Court (*Loughlin*, J.) reserved and transferred defendant's exceptions, including those to the denial of its motions for nonsuit and directed verdict.

Ellen F. Stevens was president of the Women's Society of Christian Service, a regular organization of the defendant church. On the evening of April 20, 1965, the society held a meeting at which they entertained guests from other churches. The Youth Fellowship, another regular organization of the church, had been asked to put on a skit for the entertainment of the society and

their guests. Mrs. Lillian Tucker who was the adult advisor and supervisor of the Youth Fellowship was present.

The program on that evening consisted of a short business meeting followed by the Youth Fellowship skit and refreshments. Mrs. Stevens arrived at the church sometime prior to the meeting to assist in arrangements. She helped carry a folding table from the dining room through a room called an overflow room into the church proper. There it was set up between the altar rail and the first pew for use of the officers of the society during the business meeting.

The members of the Youth Fellowship had brought for use in the skit a rough wooden cross about six feet in length which was made of logs some four or five inches in diameter. This was observed by Mrs. Stevens in the church proper early in the evening and upon inquiry she was told the Youth Fellowship was going to use it in their skit. After setting up the table she went to the front of the church to greet arriving guests and when she returned for the business meeting the cross was gone from the church proper. Mrs. Stevens conducted the business meeting and at its conclusion Mrs. Stevens and Mrs. French picked the table up to move it out of the area where the skit would take place. Mrs. Stevens moved backward into the overflow room and when she was some four or five feet into the room fell backward over the cross sustaining the injuries complained of.

The exact size of the overflow room does not appear in the evidence but it was seen by the jury in a view. There was testimony that it contained folding chairs and a piano on the side of the room and was used as a passageway from the dining room into the church. There was also evidence from which a jury could find that the area where the cross lay was always kept clear for use as a passageway.

Defendant excepted to the trial court's ruling that the status of the plaintiff was that of invitee. In *Dowd* v. *Portsmouth Hospital*, 105 N. H. 53, 193 A.2d 788 ( 1963 ), this court adopted the rule of Restatement ( Second ) of Torts then in tentative draft. As finally adopted it provided that an invitee might be either a business visitor or a public invitee. " A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. " Restatement ( Second ) of Torts *s.* 332( 2 )( 1965 ). In the present case it was undisputed that Ellen F. Stevens was attending a meeting of a church organization in the church. This was the

purpose for which the church was held open to the public and the trial court correctly ruled her an invitee. *Price* v. *Central Assembly of God*, 144 Colo. 297, 356 P.2d 240 ( 1960 ); *De Mello* v. *St. Thomas The Apostle Church Corp.,* 91 R.I. 476, 165 A.2d 500 ( 1960 ); *Manning* v. *Bishop of Marquette,* 345 Mich. 130, 76 N.W.2d 75 ( 1956 ); Annot., 80 A.L.R.2d 806 ( 1961 ).

The evidence here permitted a finding by the jury that a member of the Youth Fellowship negligently created a dangerous condition by leaving the cross in an area customarily kept clear for passage. The liability of the defendant for the negligent act of a member of that church-sponsored youth organization does not arise from agency as suggested by the defendant but by reason of the church's nondelegable duty to use reasonable care to keep premises reasonably safe for invitees. *Monier* v. *Belzil,* 97 N.H. 176, 83 A.2d 923 ( 1951 ); *Frear* v. *Company,* 83 N.H. 64, 139 A. 86 ( 1927 ); 2 Harper & James, The Law of Torts *s.* 26.11, at 1407 ( 1956 ); Restatement ( Second ) of Torts *s.* 341A ( 1965 ). The defendant contends that its duty with respect to the premises rested upon the plaintiff herself, since she was a member and director of the church, and in general charge of the premises and the activities being conducted there that evening. There was evidence, however, that an adult adviser assigned to supervise the activities of the young people was also present, as was another member of the church who had charge of directing their skit. The jury was instructed without exception that it was the defendant's duty " to provide reasonable supervision for the young people's group, to guard against risk of injury to persons making such use of the premises; [ and ] to give warning of any dangerous conditions of which it knew or should have known existed on the premises on the evening in question. " The jury could reasonably find upon the evidence that the responsibility of guarding against the risk which caused the plaintiff's injury did not rest upon the plaintiff.

Defendant excepted to the refusal of the trial court to rule that plaintiff was contributorily negligent as a matter of law in moving backward into the overflow room. The burden of proving plaintiff contributorily negligent was on the defendant. " Where the plaintiff's conduct is susceptible of any reasonable and non-culpable explanation, the issue is for the jury. " *Dubreuil* v. *Dubreuil,* 107 N.H. 519, 522, 229 A.2d 338, 340 ( 1967 ); *Wright* v. *Connecticut Valley Electric Co.,* 106 N.H. 113, 206 A.2d

103 ( 1964 ). The evidence in this case would permit the jury to find the plaintiff was backing into an area she could reasonably assume was clear of obstruction and that she was not contributorily negligent. *Richards* v. *Crocker*, 108 N.H. 377, 236 A.2d 692 ( 1967 ); *Mutterperl* v. *Lake Spofford Hotel*, 106 N.H. 538, 216 A.2d 35 ( 1965 ); *Holmes* v. *Stores*, 95 N.H. 478, 66 A.2d 702 ( 1949 ).

*Defendant's exceptions overruled; judgment on the verdict.*

All concurred.