Merrimack
No. 6407

FLOSSIE L. BURLEIGH V. ESTHER PLOEGSTRA

June 29, 1973

*Paul A. Rinden* and *Eleanor Krasnow* (*Mr. Rinden* orally) for the plaintiff.

*Devine, Millimet, Stahl & Branch* and *Robert A. Backus* and *E. Donald Dufresne* (*Mr. Dufresne* orally) for the defendant.

GRIMES, J. The question in this case is whether the trial court erred in not setting aside a verdict as inadequate. Plaintiff's exceptions were reserved and transferred by *Flynn, J.*

The case arose out of an accident which occurred on August 2, 1968. The plaintiff was a guest passenger on the front seat of a vehicle being operated by the defendant who in the process of backing out of a parking space came in contact with a concrete planter in the parking lot.

The defendant testified that the contact was so slight that it did not cause even a scratch on her rear bumper but plaintiff said that she felt something in her neck. She said that after she got home she began to have severe pain in her neck, called her son and visited a chiropractor named Anderson who took x-rays and later gave her an adjustment. She said she went to Dr. Anderson because Dr. Meredith, the chiropractor from whom she had been receiving treatment, was away.

Plaintiff had been receiving chiropractic treatments from Dr. Meredith for several years because of difficulties with her back and neck. She had received a treatment two weeks before the accident of August 2, 1968. Prior to the accident she had been advised by Dr. Meredith to leave her job as an aide in a nursing home because of her condition. In 1966, while employed at the Odd Fellows Home, she had an accident in which she felt something snap in her shoulder or neck. It was findable that she had difficulty from then on with her neck and it is undisputed that she suffered from arthritis.

Following the accident in August 1968, she did not return to her nursing home job, but in October of that year took a job at a department store where she worked at higher wages than at the nursing home and continued working until June 1970. She told her employer she was leaving because

she wished to be home with her husband, although at trial she also said her physical condition was a reason.

Plaintiff relies on aggravation of her preexisting condition for her claim for damages. The jury returned a verdict of $500. It is her claim that this is inadequate. She points to the fact that her medical expenses following the accident amounted to $363.50, and that her loss of wages from the nursing home was $120 (4 weeks at $30) or a total of $483.50.

Her argument is that this is the irreducible special loss and that therefore the verdict includes no reasonable amount for her pain and suffering and loss of earning capacity (as distinguished from loss of wages). However, the jury was not required to believe her evidence as to her condition following the accident as compared to what it had been before the accident. This evidence came from her, her son, and her husband. Dr. Meredith, who had treated her before the accident and would have known of her complaints then, was not called as a witness nor was Dr. Anderson who saw her the day of the accident and several times thereafter. The doctor whom she consulted in January 1969 testified and based his opinions on the history she gave him and on subjective complaints none of which the jury was required to believe. *Gomes v. Roy,* 99 N.H. 233, 108 A.2d 552 (1954). Several instances of inconsistent statements by plaintiff were revealed at the trial and her credibility was for the jury. *Gingras v. Stark Estate,* 109 N.H. 242, 248 A.2d 86 (1968).

The trial justice who denied the motion to set aside the verdict was in a position to observe the plaintiff and her witness and there is no basis on the evidence in this case upon which we can set aside his findings. *Richards v. Crocker,* 108 N.H. 377, 236 A.2d 692 (1967); *Lavoie v. Blake,* 106 N.H. 347, 211 A.2d 414 (1965).

The trial judge charged the jury that the plaintiff had the burden of proving what part of her condition was due to aggravation caused by the accident of August 2, 1968. No exceptions were taken to this instruction, but the plaintiff argues here that we should adopt a new rule which after proof of some injury caused by defendant would place the burden on the defendant to prove how much of the damage was due to the preexisting conditions. The issue is not before

us because it was not raised in the trial court. *Wiggin v. Kent McCray Co.,* 109 N.H. 342, 252 A.2d 418 (1969).

*Exceptions overruled; judgment on the verdict.*

All concurred.