Merrimack
No. 6704

WILLIAM T. UNDERHILL & *a.*

v.

ROBERT J. BAKER

WILLIAM J. BAKER

v.

WILLIAM T. UNDERHILL & *a.*

August 29, 1975

470

*Paul A. Rinden* and *Eleanor Krasnow (Mr. Rinden* orally) for the plaintiffs.

*Louis P. Faustini,* by brief and orally, for the defendants.

GRIFFITH, J. These actions were brought as a result of an automobile accident that occurred about 3:30 a.m. on September 27, 1969, on Route 127 in Salisbury, New Hampshire. A vehicle operated by William Underhill, with his wife Heiliene as a passenger, collided with a parked car operated by defendant Robert J. Baker. William and Heiliene Underhill brought suit against Robert Baker for personal injuries with additional claims for property damage and loss of consortium in the case of William Underhill. William J. Baker, the father of defendant Robert J. Baker, and owner of the parked car, brought an action against William T. Underhill for property damage. Trial by jury resulted in verdicts for the defendant in the Underhills' actions and for William Baker in the property damage case against William Underhill. Plaintiffs' motion to set aside the verdicts were denied subject to exception. Plaintiffs' exceptions were reserved and transferred by the Trial Court *(Keller,* C.J.).

At 3:30 a.m. on September 27, 1969, defendant Robert Baker was seated in the Baker car with Kathy Ingram parked in front of her home on Route 127. Plaintiff William Underhill and his wife Heiliene were returning home from a social evening spent at the home of a friend. The right front fender of the Underhill car struck the right front fender of the Baker car. The case was submitted to the jury under the comparative negligence statute, RSA 507:7-a (Supp. 1973).

Plaintiffs claimed that the defendant's car was parked on the pavement with its lights out in violation of RSA 262-A:70 (1966) and RSA 263:51 (1966). Defendant claimed that plaintiff William Underhill was under the influence of intoxicating liquor at the time of the accident and negligently failed to keep a proper lookout and

negligently failed to keep his car under control. Defendant claimed that Heiliene Underhill was negligent in riding with William Underhill when he was under the influence of intoxicating liquor.

Plaintiffs in their brief and oral argument claim that the trial court erred in admitting evidence of the drinking habits of William Underhill for the purpose of impeaching his credibility. Furthermore, they argue that the jury were permitted to accept evidence of his drinking habits as direct evidence of his condition on the night of the accident. The plaintiffs' exception to the admission of certain evidence of William Underhill's drinking habits does not encompass the broad sweep of plaintiffs' argument but lies in a rather narrow section.

In direct examination, Mr. Underhill testified that he had consumed only three bottles of beer at a social gathering that began at 5 p.m., and lasted until after 3 a.m. He further testified that he consumed the last bottle at 10 p.m., more than five hours before the accident. It was proper cross-examination and relevant on the issue of credibility of that testimony to inquire into his drinking habits. In response to the questioning of defendant's counsel, he testified he drank on the average a beer each evening and denied that he purchased one or two six-packs of beer two or three times a week. A grocery store operator later testified for the defendant that Mr. Underhill regularly purchased one or two six-packs of beer four or five times a week.

We agree with the plaintiffs that the jury might not properly consider evidence of the plaintiff's drinking habits as direct evidence of his condition on the night of the accident. *See Morley v. Clairmont,* 110 N.H. 12, 259 A.2d 136 (1969). However, when the plaintiffs objected to questions on Mr. Underhill's drinking habits, defendant specifically stated that it was offered on the credibility of Mr. Underhill's testimony as to the number of beers he had consumed on the night of the accident. It was on this basis that the trial court admitted the evidence and it was admissible for this limited purpose. *Wiggin v. Kent McCray Co.,* 109 N.H. 342, 347, 252 A.2d 418, 422 (1969); *Reynolds v. Company,* 81 N.H. 421, 425, 128 A. 329, 331 (1925). There is no indication in the transcript that it was ever suggested to the jury that the evidence could be used as direct evidence that Mr. Underhill was intoxicated on the night of the accident and the claim now made by the plaintiffs is rejected. *Burleigh v. Ploegstra,* 113 N.H. 326, 306 A.2d 776 (1973); *Wiggin v. Kent McCray Co. supra.*

The remaining arguments of the plaintiffs in their brief relate to

claims that the defendant was negligent as a matter of law and that under the comparative negligence statute the plaintiff Heiliene must be held less negligent than the defendant. While the record in our opinion does not support these arguments *(See Caldwell v. Drew,* 109 N.H. 91, 243 A.2d 304 (1968); *Wentworth Bus Lines, Inc. v. Sanborn,* 99 N.H. 5, 104 A.2d 392 (1954)), in any event the issue of the sufficiency of the evidence to support the verdict is not open. Plaintiffs did not move for directed verdicts or any limitation of the issues to be submitted to the jury and took no exceptions to the trial court's charge on liability. It follows that the claim that there was insufficient evidence to sustain verdicts for the defendant is not now available to the plaintiffs. *Bennett v. Larose,* 82 N.H. 443, 445-46, 136 A. 254, 256 (1926). The exception to the denial of the motion to set aside the verdicts can be sustained only when the evidence is so far in favor of the losing parties as to "disclose mistake, partiality or corruption on the part of the triers of fact." *Id.* at 448, 136 A. at 257; *Bothwick v. LaBelle,* 115 N.H. 279, 339 A.2d 29 (1975); *Stephenson v. Starks,* 112 N.H. 291, 293 A.2d 762 (1972). Tested by this standard, the evidence did not require the granting of the motion to set aside the verdicts. *See Perreault v. Lyons,* 99 N.H. 169, 106 A.2d 380 (1954).

*Exceptions overruled; judgment on verdicts.*

DUNCAN, J., did not sit; the others concurred.