USCA1 Opinion

 

 November 18, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1186 NEW HAMPSHIRE-VERMONT HEALTH SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF NEW HAMPSHIRE, Plaintiff, Appellee, v. UNITED STATES MINERAL PRODUCTS COMPANY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ John T. Broderick, Jr. with whom Mark W. Dean and Broderick & _______________________ _____________ ____________ Dean, P.A. were on brief for appellant. __________ Daniel A. Speights with whom Speights and Runyan, Michael P. ____________________ _____________________ ___________ Hall, and Nixon, Hall and Hess were on brief for appellee. ____ ____________________ ____________________ ____________________ ALDRICH, Senior Circuit Judge. Defendant United _____________________ States Mineral Products Co. in 1968-69 supplied plaintiff New Hampshire-Vermont Health Service Corp., d/b/a Blue Cross and Blue Shield of New Hampshire, with a spray-on fireproofing product known as CAFCO. This was applied to some of the steel beams and elsewhere in a six story building in Concord, New Hampshire, that plaintiff was erecting for its offices. CAFCO contains asbestos, and while that does not cause atmospheric pollution when not disturbed, plaintiff found that any reconstruction and even building maintenance activities would result in its doing so. In 1987 plaintiff considered various choices with respect to the building: renovate, to meet its growing operational requirements; sell, and move to a more modern building; or do nothing. Even this last raised future, if not immediate, fire code problems. Before deciding, having spent some $330,000 in testing, and in attempting asbestos solutions, plaintiff brought suit. At the time of trial it still had made no final decision. After a 13 day trial and 12 hours of deliberation the jury found for plaintiff in the amount of $532,000. On plaintiff's motion, the court set the verdict aside and ordered a new trial, confined to damages. The second verdict was for $3,924,937, from which the court ordered a remittitur -2- of $886,872,1 which plaintiff accepted. Defendant appeals, complaining that there should have been no new trial, but that if a new trial was proper, it should have included liability. We affirm. With respect to granting a new trial at all the court wrote a thoughtful opinion, giving several reasons. Its main concern was the inadequacy of the verdict. One of its special reasons, a sua culpa, was too abbreviated ___ _____ instructions on the measure of damages. Plaintiff had sought, and excepted to its refusal, a spelling out of the concept that if defendant was liable (negligence or strict liability), plaintiff was entitled to future costs of replacement irrespective of what remedial procedure it ultimately adopted, or even if it did nothing. For this it quite properly cited Wentworth Bus Lines, Inc. v. Sanborn, 99 _________________________ _______ N.H. 5, 104 A.2d 392 (1954). We agree with the court that in this special situation, where, even at trial, plaintiff had made no final decision, it was important to remove doubts or confusion from the jurors' minds that might tend to reduce the damages. Second, the court agreed with plaintiff that there had been error in respect to the testimony of defendant's expert Roger Morse. Plaintiff's expert, one Halliwell, had ____________________ 1. The second jury had been allowed to include an item for which the court later concluded defendant was not chargeable. -3- given seven figure estimates of the cost of removal, and defendant sought to rebut this with Morse's proposed figure - - $600,000 - $700,000. Plaintiff objected, properly, for lack of prior notice. Freund v. Fleetwood Enterprises, Inc., ______ ___________________________ 956 F.2d 354 (1st Cir. 1992). However, over plaintiff's objection, the court said that Morse could testify that, on his factual assumptions as to the amount of CAFCO present, Halliwell's figures would be "substantially" affected. Morse improved on this: he testified that his estimate would be "substantially, substantially affected." Defendant says, correctly to a point, that since in Morse's already expressed opinion there was much less material in the building than Halliwell assumed, it was obvious, and added nothing, for Morse to say that his estimate of the removal cost would be less. Hence, defendant says, there was no prejudice. The difficulty is that the witness's generality was open-ended, particularly so in what we can only regard as a theatrical attempt to produce the effect of the specifics that the court had excluded. The difficulty was compounded by plaintiff's inability to cross- examine without burning its fingers. The court could well find, in light of the verdict, that the jury took "substantially, substantially affected" as warranting a figure even smaller than the excluded specifics. No one had -4- given a dollar figure that low. The court was entitled to feel that the jury had been misled, and plaintiff prejudiced. There were some other possible grounds for granting a new trial on damages, but we need go no further. The court acted well within its discretion. Neither need we go far with respect to defendant's second complaint, the failure to include the issue of liability (and all other issues, whatever that means) in the new trial. This was advanced only as a last minute thought on a motion for reconsideration. It was, nevertheless, carefully answered. Defendant repeatedly tells us that damages and liability were "inextricably interwoven." Phav ____ v. Trueblood, Inc., 915 F.2d 764, 766 (1st Cir. 1990). If it _______________ had argued this in terms of its being a compromise verdict defendant might conceivably have had a point. It did not so contend. We can think of no other possible intermingling of liability and damages; nor has defendant suggested any, except to dwell on plaintiff's differing solutions of its problem. As none of these solutions raised separate questions of damage, the court acted appropriately. Affirmed. ________ -5-