Argued and submitted March 29, reversed and remanded for new trial May 15, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# RANDALL BEA,
*Appellant.*

# (C88-07-35096; CA A61547)

810 P2d 1328

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Cynthia A. Forbes, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals his convictions for possession of a controlled substance and failure to present a driver's license. ORS 475.992; ORS 807.570. He assigns error to the trial court's denial of his motion to suppress evidence found on his person. He contends that police officers unlawfully stopped him. We agree and reverse.

Officer McCausland saw defendant and a companion park around the corner from and approach a Portland house that he believed was a drug house.[1] The men walked up to the door and then returned to the vehicle several minutes later. From his vantage point, McCausland could not see whether the men had gone into the house or whether anyone came to the door from inside. McCausland knew that the house had been searched, pursuant to a warrant, twice that week but did not know whether the police had found anything incriminating. He testified that defendant's behavior in parking away from the house and remaining only a few minutes was consistent with drug activity.

McCausland followed defendant's vehicle as it drove north on Kerby Street. Kerby and Sumner Street intersect in front of Jefferson High School, where both streets end because of the school grounds. The streets meet at a 90 degree angle, creating an "L" intersection. There is no stop sign. Defendant turned left on Sumner without signalling, and McCausland stopped him. Defendant did not have a driver's license, and McCausland arrested him and gave him *Miranda* warnings. McCausland asked him if "he'd mind if [he] checked him for drugs and weapons." Defendant said, "No," and McCausland found cocaine in his pockets.

The state argues that McCausland lawfully stopped defendant for failing to signal. An officer may stop a motorist for a traffic infraction. ORS 810.410(3)(b). ORS 811.400(1) provides:

"A person commits the offense of failure to use an appropriate signal for a turn, lane change or stop if the person is operating a vehicle that is turning, changing lanes, stopping or suddenly decelerating and the person does not make the

---

[1] The house was a multi-unit building, but the trial court found that the officer saw them approach the unit that was associated with drug dealing.

appropriate signal under ORS 811.395 by use of signal lamps or hand signals."

Under the statute, anyone driving on a public street must signal whenever making a turn. The Oregon Vehicle Code, however, does not define a "turn." Defendant argues that he did not "turn," in the legal sense, when he continued onto Sumner, because his only other options were to turn around or to proceed into the high school parking lot.

The purpose of the code is to "provide maximum safety for all persons who travel or otherwise use the public highways of this state." ORS 801.020(11)(a); *State v. Thomas,* 104 Or App 126, 799 P2d 208 (1990). Signalling when the motorist is merely following a turn in the road when there are no other options, or when the road on which the motorist is travelling turns but no other streets or roads intersect, would be a superfluous action that would not contribute to safety. Signalling is a communication based on the notion that the safest conditions occur when motorists can anticipate others' actions. The purpose of the code is satisfied by requiring a signal only when a motorist intends to deviate from the presumed course.

Defendant did not deviate from his presumed course when he followed Kerby onto Sumner. The state's argument that defendant had other options proves little. Turning around or driving into the school's parking lot were deviations from a presumed course. Because defendant did not violate ORS 811.400(1), the stop was not lawful.[2]

The state also argues that the officers had a reasonable suspicion that defendant had committed a crime at the house. McCausland believed that the house where defendant had stopped was a drug house, because two search warrants had been executed there, but he did not know the results of the searches. The trial court reasoned that the existence of the warrants showed that probable cause had existed. Once the warrants had been executed, however, the probable cause

---

[2] In *State v. Thomas, supra,* 104 Or App at 126, we interpreted ORS 811.400(1) to require a signal when one moves from the parking lane into a traffic lane. Our decision was based on a literal interpretation of the word "lane," and on the policy of the code to improve safety. In this case, as discussed in the text, a literal interpretation of "turn" is impossible without creating absurd situations in which safety is not furthered by requiring a motorist to signal.

underlying the warrants dissipated; either the executing officers had found what they were searching for or they had not. Without that knowledge, McCausland's belief that the house was a drug house was not substantiated. Furthermore, the record indicates only that the two men went to the door. McCausland did not see them go into the house or whether anyone answered the door. The officer's observations could not give rise to a reasonable suspicion. *Compare State v. Norman,* 66 Or App 443, 674 P2d 626, *rev den* 296 Or 712 (1984).

■      The state next contends that, even if the stop was invalid, defendant consented to the search. Defendant agreed to the search after an unlawful stop and a tainted arrest. No intervening events occurred between the stop and arrest and the submission to the search. *See State v. Johnson,* 105 Or App 587, 805 P2d 747 (1991). Defendant's consent was tainted by the prior illegality.

Reversed and remanded for a new trial.