Argued and submitted February 8, affirmed September 11, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# DOUGLAS GENE BELCHER,
*Appellant.*

(10-89-05433; CA A64841)

816 P2d 1215

Robert J. Smith, Eugene, argued the cause for appellant. With him on the brief was Robert J. Smith, P.C., Eugene.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

Buttler, P. J., dissenting.

## DE MUNIZ, J.

Defendant appeals his conviction for possession of a controlled substance, ORS 475.992(4)(b), claiming that the court erred in denying his motion to suppress. We affirm.

Defendant was driving in a merge lane approaching Highway 126. He failed to signal as he entered the driving lane of the highway. An officer, who was following defendant, saw that and stopped him. If the Motor Vehicle Code obligated defendant to signal while entering the driving lane of the highway from the merge lane, the officer was authorized to stop defendant for a traffic infraction, ORS 810.410(3)(b), and the motion to suppress was properly denied.[1]

The issue is whether defendant changed "lanes" within the meaning of ORS 811.400(1). That statute provides:

> "A person commits the offense of failure to use an appropriate signal for a turn, lane change or stop if the person is operating a vehicle that is turning, changing lanes, stopping or suddenly decelerating and the person does not make the appropriate signal under ORS 811.395 by use of signal lamps or hand signals."

In *State v. Thomas,* 104 Or App 126, 799 P2d 208 (1990), we interpreted the word "lane" in ORS 811.400(1) to require a signal when a driver moves from a parking lane into a traffic lane. Our interpretation furthered the stated purpose of the Motor Vehicle Code, which is to "provide maximum safety for all persons who travel or otherwise use the public highways of this state." ORS 801.020(11)(a); *State v. Thomas, supra,* 104 Or App at 130. The situation here is quite similar. Defendant moved from a lane used for accelerating and merging to a lane used for through traffic. A signal notifies other motorists, regardless of who has the right of way, *when* the merging driver intends to execute the lane change.

*State v. Bea,* 107 Or App 118, 810 P2d 1328 (1991), the case on which the dissent relies, is distinguishable both on the facts and on the principle of law it establishes. In *Bea,* the driver failed to signal as he made the forced turn in an "L"

---

[1] Defendant does not otherwise challenge the search of his car.

intersection. We interpreted the word "turn" in ORS 811.400(1) and held that the driver was not required to signal, because the driver did not "turn" within the meaning of the statute. *Bea* says nothing about whether the driver changed "lanes." That silence is understandable because, at all times, his vehicle remained in the traffic lane reserved for driving through the turn created by the "L" intersection. Here, however, the driver moved from the merge lane to the traffic lane. ORS 811.400(1) requires a driver to signal under those circumstances. The officer had authority to stop defendant when he failed to signal.

Affirmed.

**BUTTLER, P. J.,** dissenting.

Because defendant did not turn or change lanes, he did not violate ORS 811.400(1).[1] Rather, he was proceeding to enter Highway 126 on a lane that merged into that highway after the divider lines had run out. He was required to look out for and to yield the right of way to vehicles on the arterial highway. ORS 811.285.[2] There is no contention or evidence that he did not do that.

The situation here is closely analogous to that involved in *State v. Bea*, 107 Or App 118, 810 P2d 1328 (1991), in which the defendant had failed to signal when he turned left at an "L" intersection of two streets; when he failed to give a signal, he was stopped by a police officer. We held that, because the defendant's "only other options were to turn around or to proceed into the high school parking lot,"

---

[1] ORS 811.400(1) provides:

"A person commits the offense of failure to use an appropriate signal for a turn, lane change or stop if the person is operating a vehicle that is turning, changing lanes, stopping or suddenly decelerating and the person does not make the appropriate signal under ORS 811.395 by use of signal lamps or hand signals."

[2] ORS 811.285 provides:

"(1) A person commits the offense of failure of a merging driver to yield the right of way if the person is operating a vehicle that is entering a freeway or other arterial highway where an acceleration or merging lane is provided for the operator's use and the operator does not look out for and give right of way to vehicles on the freeway or other arterial highway.

"(2) The offense described in this section, failure of a merging driver to yield the right of way, is a Class C traffic infraction."

107 Or App at 121, he was not required by ORS 811.400(1) to give a turn signal. The majority here relies on that statute to require defendant to give a signal. We stated in *State v. Bea, supra*:

"The purpose of the code is satisfied by requiring a signal only when a motorist intends to deviate from the presumed course." 107 Or App at 121.

That is precisely the situation here: Drivers approaching on Highway 126 were notified in advance of the merging lane on which defendant was travelling; they knew that cars that were in the merging lane had to merge into traffic on the highway, to which defendant was required to yield. A turn signal would have told them nothing. Neither would it have told the driver behind him anything. All knew that defendant was merging onto the highway. Defendant's only options to merging onto the highway were to stop or to run off onto the shoulder.

The officer testified that he was looking for a reason to stop defendant and admitted that he had never stopped anyone else for an "unsignaled lane change" at that location. For good reason.

*State v. Thomas,* 104 Or App 126, 799 P2d 208 (1990), on which the majority relies, is inapplicable. There, the defendant moved from a parking lane onto the traffic — a distinct lane change to which ORS 811.400(1), by its express terms, applies. Here, there is a lane disappearance, not a lane change.

Because defendant did not violate ORS 811.400(1), the stop was invalid. For that reason, I would reverse, and, therefore, dissent.