## STATE OF OREGON,
*Appellant,*

*v.*

## DANNY PADILLA,
*Respondent.*

## (C 91-10-35175; CA A74300)

850 P2d 372

Ann Kelley, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for respondent. On the brief were Sally L. Avera, Public Defender, and Eric R. Johansen, Deputy Public Defender, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

The state appeals a pretrial order granting defendant's motion to suppress. ORS 138.060(3). We affirm.

On October 29, 1991, Officer Sweeney saw defendant turn right from a right turn only lane without signaling. He stopped defendant for failing to signal a turn and discovered that defendant was driving a stolen vehicle. At his trial for unauthorized use of a motor vehicle, ORS 164.135, defendant moved to suppress the evidence derived from that stop. He argued that the stop was unlawful, because a driver is not required to signal when making a turn from a turn-only lane into the proper lane. The trial court agreed.

The state concedes that, if defendant was not required to signal, the stop was illegal and the evidence should be suppressed. Nevertheless, it contends that defendant's failure to signal was a violation of ORS 811.400(1), which provides:

> "A person commits the offense of failure to use an appropriate signal for a turn, lane change or stop if the person is operating a vehicle that is turning, changing lanes, stopping or suddenly decelerating and the person does not make the appropriate signal under ORS 811.395 by use of signal lamps or hand signals."

It argues that proceeding from a turn-only lane into the proper lane of cross-traffic is a "turn" that must be signaled under ORS 811.400(1).

Three recent opinions of this court have addressed the issue of when a signal is required under ORS 811.400(1). Two of those cases explored the issue of what constitutes a *lane change*. *See State v. Belcher*, 108 Or App 741, 816 P2d 1215 (1991); *State v. Thomas*, 104 Or App 126, 799 P2d 208 (1990). Because the state contends that defendant failed to signal for a *turn*, not for a *lane change*, those cases are not on point.

The third case, *State v. Bea*, 107 Or App 118, 810 P2d 1328 (1991), did concern the issue of what constitutes a *turn*. In that case, the defendant was driving on a road that intersected with another road to form an "L" curve. Although each road terminated at the common intersection, it was

possible for a driver to proceed straight at the end of either road into a parking lot. Consequently, proceeding around the "L" curve was not the only lawful course of travel at that intersection. When the defendant in *Bea* proceeded around the "L" curve without signaling, he was stopped for failing to signal a turn. We held that that stop was unlawful.

In reaching our conclusion that proceeding around the "L" curve was not a "turn," as that term is used in ORS 811.400(1), we refused to construe "turn" literally, because that would create "absurd situations in which safety is not furthered." 107 Or App at 121 n 2. Instead we opted for a pragmatic construction and concluded that "[t]he purpose of the [Oregon Vehicle C]ode is satisfied by requiring a signal only when a motorist intends to deviate from the presumed course." 107 Or App at 121. Although the defendant had other lawful options to proceeding around the "L" curve, he did not turn, because he did not deviate from the presumed course of travel.

In this case, defendant's presumed course of travel was to turn right from the right turn only lane. In fact, unlike the defendant in *Bea*, that was defendant's *only* lawful option. Consequently, defendant did not deviate from the presumed course of travel and was not required to signal.

Affirmed.