The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as State v. Smith, 156 Ohio App.3d 238, 2004-Ohio-791.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 03CA50.

Decided Feb. 17, 2004.

Cosenza, Merriman & Wolf and George J. Cosenza, for appellant.

John Henry Marsh Jr., Assistant City Law Director, for appellee.

KLINE, Presiding Judge.

{¶ 1} Nalonni Smith appeals from the Marietta Municipal Court's judgment to suspend her license after an administrative license suspension ("ALS") hearing. Later, Smith entered a no contest plea, and the court found her guilty of OMVI. Smith contends that the arresting officer did not have the authority to stop her when she made a left turn without using her turn signal in a "left turn only" lane. We disagree, because we interpret R.C. 4511.39 to require drivers to use a turn signal when making a turn even if they are in a "turn only" lane.

I

{¶ 2} Smith drove north on Front Street in Marietta. She made a left turn without signaling onto Putnam Street from a "left turn only" lane as she followed

the instructions of the green arrow. The lane was clearly marked for left turns only. Trooper Caleb Courson of the Highway Patrol observed the left turn without a signal and stopped her for an improper turn. He did not observe any other improper driving. Upon contact with Smith, the trooper detected an odor of alcohol. His investigation led to an arrest for OMVI, and to her driver's license being placed under an ALS. She was also charged with violating R.C. 4511.39 (failure to signal).

{¶ 3} Smith appealed her ALS on the grounds that the trooper lacked probable cause to stop her. The trial court found that the stop was proper and denied her ALS appeal. The parties inquired of the court whether its ruling in the ALS appeal would apply to a motion to suppress/dismiss based on an improper stop in the OMVI case. The trial court indicated that the same ruling would apply.

{¶ 4} Based on a plea agreement, Smith entered a no contest plea to the OMVI, in violation of R.C. 4511.19(A)(1) and (6), and the state moved the court to dismiss the failure to signal, in violation of R.C. 4511.39. The trial court found her guilty of OMVI, dismissed the failure-to-signal charge, and sentenced her accordingly. It stayed the sentence pending the outcome of this appeal.

{¶ 5} Smith appeals and assigns the following assignment of error: "The Municipal Court of Marietta, Ohio, erred when it denied the appellant's administrative license suspension [appeal] on the grounds that the arresting officer failed to have proper authority to stop the appellant's vehicle."

## II

{¶ 6} Smith argues that the trooper did not have probable cause to stop her. She points to the language of R.C. 4511.39 and maintains that it mandates a signal only "when required." She contends that she is not required to signal when turning left in a "left turn only" lane because legally that is the only way she can turn. Because we are required to interpret R.C. 4511.39, our review is de novo.

{¶ 7} The relevant part of R.C 4511.39 states: "No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided. When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning."

{¶ 8} "[I]t is clear that [R.C. 4511.39] requires a motorist both to use reasonable care and to signal when making a left turn, and that the failure to do

either gives rise to a traffic violation." *State v. Richardson* (1994), 94 Ohio App.3d 501, 505, 641 N.E.2d 216. See, also, *State v. Lowman* (1992), 82 Ohio App.3d 831, 613 N.E.2d 692; *State v. Wallis* (Feb. 2, 1993), Gallia App. No. 92CA16, 1993 WL 33321. The "when required" language references the signal requirement in the first paragraph of the statute and is not itself meant to create a conditional aspect to the statute's requirements. *State v. Lowman,* 82 Ohio App.3d at 835, 613 N.E.2d 692 ("[T]he phrase 'when required' simply refers to a situation in which the driver intends to change direction on the roadway."). "Under R.C. 4511.39 and the case law interpreting that statute, a motorist is required to make a signal of intention anytime he turns." *State v. Beacham,* Washington App. No. 03CA36, 2003-Ohio-6211, 2003 WL 22763534. This signal requirement includes a turn from a "turn only" lane. *State v. Jerew* (Feb. 22, 1999), Wyandot App. No. 9–98–47, 1999 WL 292616; *State v. Hotchkiss* (June 23, 1995), Lake App. No. 94–L–170, 1995 WL 411823.

{¶ 9} Here, Smith apparently met the first requirement of R.C. 4511.39 by making her left turn with reasonable care. However, R.C. 4511.39 has a second requirement, i.e., Smith must signal when making her turn from a "left turn only" lane. Hence, we find that Smith violated R.C. 4511.39 when she failed to properly signal her left turn. Consequently, the trooper had probable cause to stop Smith.

{¶ 10} Accordingly, we overrule Smith's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

HARSHA and PETER B. ABELE, JJ., concur.