UNITED STATES of America,
Plaintiff—Appellee,

v.

Mark C. WENLUND, Defendant—
Appellant.

No. 03–30234.

D.C. No. CR–01–00426–AJB.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2004.*

Decided March 8, 2004.

Frank Noonan, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Thomas E. Price, Salem, OR, for Defendant–Appellant.

Before HUG, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM**

Wenlund appeals the district court's denial of his suppression motion. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's denial of a motion to suppress evidence based on a finding of reasonable suspicion, and the district court's factual findings for clear error. *United States v. Mariscal,* 285 F.3d 1127, 1129 (9th Cir.2002).

We must follow a state supreme court's decision when interpreting that state's vehicle code requirements. *United States v. Colin,* 314 F.3d 439, 443 (9th Cir.2002). Wenlund's argument that he was not re-

quired to signal under Or.Rev.Stat. §§ 811.335 and 811.400 is foreclosed by *State v. Bea,* 318 Or. 220, 864 P.2d 854, 857–58 (1993) ("a 'turn' includes the action that occurs when a vehicle changes its direction of travel and changes from one course of travel to another, *whether or not the driver had the option of not changing direction or course"*) (emphasis added), *rev'g en banc* 107 Or.App. 118, 810 P.2d 1328 (1991).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

