OPINION
{¶ 1} Defendant-appellant, Gary Gaskins, appeals his bench trial conviction for failing to use due care when merging onto a highway in violation of R.C. 4511.39(A). As his sole assignment of error, appellant claims that his conviction is contrary to law and against the manifest weight of the evidence.
 {¶ 2} At approximately 10:15 p.m. on September 21, 2004, appellant was operating a cement truck in a construction area on southbound Interstate 75. At the construction site, several lanes of traffic were merged to only one open lane on the far left-hand side of the highway. A police officer positioned north of the site occasionally stopped the flow of southbound traffic so that vehicles could enter the highway from the construction zone. In addition, a "spotter" from the construction company directed construction traffic from the site back onto the highway. Appellant testified that after delivering his concrete load, he proceeded into the southbound lane at the direction of the spotter.[1]
 {¶ 3} As appellant pulled onto the highway, his truck collided with a southbound passenger vehicle operated by Michelle Sickles. Sickles' vehicle was the last one allowed through before police had temporarily stopped traffic north of the construction area. Sickles used her brakes and horn but was unable to avoid a collision with appellant's truck. Appellant could not see approaching southbound traffic as he moved left onto the highway, but simply pulled into the lane at the direction of the spotter.
 {¶ 4} R.C. 4511.39(A) provides that:
 {¶ 5} "No person shall * * * move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal * * *."
 {¶ 6} R.C. 4511.39(A) requires motorists both to use reasonable care and to signal when making a turn. The failure to do either constitutes a violation of the statute. State v. Smith, 156 Ohio App.3d 238,2004-Ohio-791, citing State v. Richardson (1994), 94 Ohio App.3d 501. The due care required by the statute is the degree of care that an ordinary reasonable and prudent person exercises, or is accustomed to exercising, under the same or similar circumstances. State v. Clark,
Portage App. No. 2001-P-0099, 2002-Ohio-4816, citing Meerhoff v.Huntington Mtg. Co. (1995), 103 Ohio App.3d 164.
 {¶ 7} To determine if a conviction is against the manifest weight of the evidence, an appellate court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 8} The principal question in this appeal is whether appellant exercised due care by making a blind entry into traffic at the direction of another individual. The trial court concluded that appellant still had the ultimate duty to insure that his movement onto the highway could be made with reasonable safety even though the construction worker directed him to proceed. Having reviewed the record, we agree. An ordinary and reasonably prudent person would still be expected to exercise some degree of caution before making a blind entrance onto the highway.
 {¶ 9} We find that the trial court did not lose its way in determining that appellant failed to exercise due care before entering the highway. The guilty verdict was neither contrary to law nor against the manifest weight of the evidence.
 {¶ 10} For these reasons, appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] This "spotter" could not be located after the accident and his identity was never determined. Appellant testified that the accident occurred after he had delivered his third load of concrete to the site that evening. On each occasion, this same individual was acting as a spotter and directing construction traffic back onto the highway.