[892 NYS2d 852]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JODI TAMBURRINO, Defendant.

City Court of Saratoga Springs, December 30, 2009

APPEARANCES OF COUNSEL

*Kurt Mausert*, Saratoga Springs, for defendant. *James Murphy, District Attorney (James Davis* of counsel), for plaintiff.

## OPINION OF THE COURT

JEFFREY D. WAIT, J.

This matter arises out of defendant's arrest for driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2). Defendant raises two issues concerning the validity of the initial stop, for allegedly failing to begin signaling an intention to turn "during not less than the last 100 feet traveled by the vehicle before turning," in violation of Vehicle and Traffic Law § 1163 (b). First, defendant submits that she could not have lawfully complied with the statute because there is an intersection on the right side of the roadway less than 100 feet before the intersection where she actually turned right. In other words, according to defendant, the use of a signal 100 feet in advance of her intended turn would have wrongly indicated an intention to turn at the first intersection, and then after she passed the first intersection the distance to the second intersection was less than 100 feet. The defense, in short, is that it was legally and physically impossible for defendant to comply with the statute.

Second, defendant submits that she was not required to signal her turn at all, since the driving lane from which she made the right turn at the second intersection was a "right hand turn only" lane. According to defendant, the 100-foot rule applies only "when [a signal is] required," and a signal is not required when a driver is in a lane that allows movement in only one direction, such as was the case in this matter.

At a subsequent probable cause hearing, the officer testified that he was only a few car lengths behind defendant's vehicle as it approached the intersection, and that defendant did not signal her intention to turn until she stopped at the red light, just prior to turning. As soon as defendant made the right turn, the officer pulled the vehicle over, and upon speaking with defendant and conducting field sobriety tests he concluded that she was intoxicated. Notably, the officer testified that he observed no indicia of intoxication during the course of following the defendant's vehicle, either prior to or after the turn at the intersection. His testimony, then, is that he stopped defendant

for no other reason than that she failed to activate her signal 100 feet before the turn.

Although there are apparently no cases on point with respect to either issue raised by defendant, the court is not without some guidance in the proper application of Vehicle and Traffic Law § 1163. In *People v Martinez-Lopez* (16 Misc 3d 298 [Nassau Dist Ct 2007]), the defendant was charged with driving while intoxicated after being stopped for changing lanes without signaling, in violation of Vehicle and Traffic Law § 1163 (d). Relying on the hearing court's analysis in *People v Rice* (11 Misc 3d 539 [Sup Ct, NY County 2006]), the defendant argued that use of a signal is not required when a lane change can be made in complete safety without such a signal. The point made by the defendants in *Martinez-Lopez* and *Rice* was that if lane changes or turns are made in a completely safe manner without a signal, then the failure to use a signal precisely as indicated in Vehicle and Traffic Law § 1163 does not establish a lawful predicate for a traffic stop. Here, defendant argues similarly that since it was physically impossible for defendant to meet the 100-foot requirement, since the turn was made in complete safety, and since she did in fact activate her signal before turning, then the stop was necessarily unlawful. Likewise, according to defendant, neither the statute nor the interests of safety "required" a turn signal since defendant had no alternative but to make a right turn, thereby establishing an additional reason why the stop was unlawful.

In the course of the probable cause hearing the court conducted an inspection of the intersection. Based upon these observations, and upon defendant's measurements, it is evident that the 100-foot "requirement" could not have been met. Quite simply, once past the first intersection, the distance to the beginning of the next intersection is less than 100 feet. Inasmuch as strict compliance was impossible, and inasmuch as defendant did in fact activate her signal before turning, she arguably made a reasonable effort to meet the statutory requirement, if in fact there was such a requirement, as she turned from the "right turn only" lane. Defendant's points in this regard are well taken. Nevertheless, the court is bound to conclude that the stop was lawful, and thus that the subsequently obtained evidence of driving while intoxicated need not be suppressed.

First, the court in *Martinez-Lopez* rejected a similarly subjective reading of Vehicle and Traffic Law § 1163, and this court agrees with the analysis. The statute does not "merely de-

scribe[ ] permissive and prohibited uses of signals," or allow for a driver to avoid the strictures of the statute depending upon whether a non-signaled move can be made safely. (16 Misc 3d at 301.) To the contrary, the entire statute is to be read in the strictest sense, in accordance with the Legislature's intent: "The amended statute places the absolute duty upon the person to use the signals when preparing to make a turn or when making one of the other movements covered by this statute." (*Martinez-Lopez*, 16 Misc 3d at 305, quoting Bill Jacket, L 1964, ch 653, at 6.) Moreover, the hearing court's decision in *Rice*, granting the motion to suppress, was thereafter reversed by the First Department upon the same legislative analysis. (*People v Rice*, 44 AD3d 247 [1st Dept 2007].) It is without doubt, then, that Vehicle and Traffic Law § 1163 (a) "imposes a duty to signal a lane change under all circumstances." (*Rice*, 44 AD3d at 252.)

Applying this reasoning to the case at hand, the court finds that defendant was not only required to activate her turn signal, but that she should have done so as soon as possible after she passed the first intersection, regardless of the fact that the distance to the next intersection was less than 100 feet. This conclusion finds additional support in the first paragraph of section 1163, which provides that a turn "from a direct course" or any other "move right or left upon a roadway" shall not be made without "an appropriate signal." (Vehicle and Traffic Law § 1163 [a].) Inasmuch as the roadway widens into three separately marked lanes just after the first intersection, and inasmuch as defendant moved into the right-most lane from her original lane of travel, she was, it appears, required to signal that lane change.

In view of the very congested set of intersections and lane changes, it is certainly understandable that defendant did not recognize the need to signal sooner, before she arrived at the red light. It is no doubt a common mistake at that intersection, and one which would, under most circumstances, presumably not result in the issuance of a ticket. This stop, however, was made at 12:50 A.M., in a downtown area replete with bars. In other words, defendant's suggestion that the stop was a "pretext" stop is certainly justified. Indeed, the People would no doubt concede that the officer was not looking to write tickets for minor traffic infractions at that time or location, but was instead looking for intoxicated drivers. The officer's motivation does not, however, draw the subsequent arrest into question:

"[W]here a police officer has probable cause to

believe that the driver of an automobile has committed a traffic violation, a stop does not violate . . . the New York State Constitution. In making that determination of probable cause, neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant." (*People v Robinson*, 97 NY2d 341, 349 [2001].)

In this instance the officer had probable cause to believe defendant committed a traffic violation, albeit a technical one only, and so the stop was valid regardless of the officer's subjective motive.