Dover District Court
No. 2011-224

THE STATE OF NEW HAMPSHIRE

v.

CHRISTINA SMITH

Submitted: March 13, 2012
Opinion Issued: March 23, 2012

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief), for the State.

*Stephen T. Jeffco*, P.A., of Portsmouth, (*Stephen T. Jeffco* on the brief), for the defendant.

DALIANIS, C.J. The defendant, Christina Smith, appeals her conviction for driving while intoxicated. *See* RSA 265-A:2 (Supp. 2011). She argues that the Dover District Court (*Morrison*, J.) erred in denying her motion to suppress because the State failed to establish that the arresting officer had a reasonable suspicion that she had violated the law when he stopped her. We affirm.

The following facts are drawn from the record. Between 12:47 a.m. and 1:00 a.m. on September 29, 2010, Dover Police Sergeant David Martinelli was in his cruiser when he observed the defendant back her vehicle out of a parking area on Central Avenue and proceed south. She shifted to the left side of Central Avenue southbound and came to a stop at the flashing red light located in the left-hand turn lane at the intersection of Central Avenue and Washington Street. After stopping at the flashing red light, she turned left without using a turn signal. At trial, Martinelli conceded that he had not observed any erratic operation in the short distance that the defendant travelled.

When Martinelli stopped the defendant, he observed that her eyes seemed bloodshot and watery, her speech was slurred and "an odor of alcoholic beverage [came] from her as she spoke." After the defendant failed several field sobriety tests, Martinelli determined that she was impaired and placed her under arrest.

The defendant filed a motion to suppress all evidence acquired as a result of her seizure. She argued that the arresting officer did not have a reasonable, articulable suspicion that she had committed a crime when he stopped her. The trial court denied her motion and found her guilty.

On appeal, the defendant argues that the trial court erred in denying her motion to suppress because she was not required to use a turn signal when she was in "a left-hand only turn lane, where there is already present a traffic control device warning motorists of the left-turn only lane and where it is physically impossible to take a right-hand turn or proceed straight due to the road configurations."

■ When reviewing a trial court's order on a motion to suppress, we accept its factual findings unless they lack support in the record or are clearly erroneous. *State v. Joyce*, 159 N.H. 440, 444 (2009). We review the trial court's conclusions of law *de novo*. *Id.* To determine whether an officer conducted a lawful stop, we conduct a two-step inquiry: first, we determine when the defendant was seized; second, we determine whether, at that time, the officer possessed a reasonable suspicion that the defendant was, had been or was about to be engaged in criminal activity. *Id.*

In this case, the sole issue is whether the arresting officer had reasonable suspicion that the defendant was engaged in criminal activity when she was seized. The officer stopped the defendant after she made a turn from a left-hand turn lane without using her turn signal. *See* RSA 265:45 (2004). She argues that, given her position in a left-turn-only lane and the absence of any "other vehicles . . . in need of protection whose movements would have been affected," RSA 265:45 did not apply.

To resolve this issue we must construe the language of RSA 265:45. To determine the meaning of a statute, we first examine its language and ascribe the plain and ordinary meaning to the words used. *State v. Stowe*, 162 N.H. 464, 474 (2011). We interpret legislative intent from the statute as written and will neither consider what the legislature might have said nor add language that the legislature did not see fit to include. *Id.*

■ RSA 265:45 provides:

I. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in RSA 265:42, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left

upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided.

II. A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning.

III. No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

IV. The signals provided for in RSA 265:46, II, shall be used to indicate an intention to turn, change lanes, or start from a parked position and shall not be flashed on one side only on a parked or disabled vehicle, or flashed as a courtesy or "do pass" signal to drivers of other vehicles approaching from the rear.

The last sentence of RSA 265:45, I, specifically provides that no person shall turn a vehicle at an intersection without giving an appropriate signal. The statute provides no exception to this requirement, and, absent legislative direction, we decline to create an exception that the legislature did not see fit to include. *See id.* at 474.

The defendant cites *Sullivan v. LeBlanc*, 100 N.H. 311, 314 (1956), and *Caldwell v. Drew*, 109 N.H. 91, 94 (1965), in support of her argument that the purpose of the statute is to prevent motor vehicle collisions and in the absence of other vehicles, it is not applicable. We find her argument unpersuasive. Rather, we agree with the State that *Sullivan* and *Caldwell*, two civil cases, did not require that we address the issue squarely presented in this criminal case — that is, whether the driver of a motor vehicle who is preparing to make a turn must use a turn signal regardless of road configuration, traffic signals or the presence or absence of other vehicles.

*Affirmed.*

HICKS, CONBOY and LYNN, JJ., concurred.